1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   PRIORITY RECORDS LLC,                    CASE NO. CV F 06-0484 AWI LJO
     et al.,
12                                            **FINDINGS AND RECOMMENDATIONS ON**
                         Plaintiff,           **DEFAULT JUDGMENT MOTION**
13                                            (Doc. 22.)

14          vs.

15   LOUIE RODRIGUEZ,

16                         Defendant.
     _____/

17                                  **INTRODUCTION**

18          In this sound recording copyright infringement action, plaintiffs[1] seek a default judgment against

19   defendant Louie Rodriguez ("defendant") for statutory damages ($6,000), costs ($420), and a permanent

20   injunction to prevent defendant's infringement of plaintiffs' copyrighted sound recordings.  This Court

21   considered plaintiffs' default judgment motion on the record and without oral argument and VACATES

22   the January 19, 2007 hearing pursuant to this Court's Local Rule 78-230(c)[2] and (h).  As discussed

23   below, this Court RECOMMENDS to GRANT plaintiffs a $6,420 default judgment and a permanent

24   _____

25          [1]      Plaintiffs are recording companies Priority Records LLC, Virgin Records America, Inc., Sony BMG Music
     Entertainment, Atlantic Recording Corporation, BMG Music, UMG Recordings, Inc., and Warner Bros. Records Inc. and
26   will be referred to collectively as "plaintiffs."

27          [2]      Defendant filed no timely papers to oppose default judgment or to seek relief from default.  Pursuant to
     this Court's Local Rule 78-230(c), no opposing party is entitled to oral argument in the absence of timely filed opposition
28   papers.

                                          1

1   injunction to prevent defendant's infringement of plaintiffs' copyrighted sound recording.

2   **BACKGROUND**[3]

3   Beginning in January 2006, plaintiffs' investigators detected that defendant: (1) had 840 music

4   files on his computer; (2) used an online media distribution system over a peer-to-peer file-sharing

5   network; and (3) distributed music files to millions of people who used peer-to-peer networks.

6   Plaintiffs' counsel sent defendant a letter to advise him of detected copyright infringement and

7   availability to resolve the matter without litigation.

8   After settlement was not reached, plaintiffs, on April 21, 2006, filed their complaint for copyright

9   infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq. ("Copyright Act"),[4] to

10  allege that they are owners or licensees of exclusive United States copyrights to specific sound

11  recordings[5] which are subject to a valid Certificate of Copyright Registration issued by the Register of

12  Copyrights.  The complaint further alleges that defendant:

13  > . . . has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or

14  > to make the Copyrighted Recordings available for distribution to others.  In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution.

15  > Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

16

17  On July 29, 2006, defendant was served with the summons and complaint by substitute service.

18  Plaintiffs sent defendant an August 29, 2006 letter to advise defendant that he was subject to default

19  entry and judgment and to urge defendant to respond to plaintiffs' complaint or contact plaintiffs'

20  representatives to attempt to settle.  After this Court's clerk entered a September 6, 2006 default against

21

22  [3]   The below factual recitation is based on plaintiffs' papers and this Court's record.

23  [4]   Unless otherwise noted, all statutory references will be to Title 17 of the United States Code, the Copyright

24  Act.

25  [5]   The complaint's Exhibit A lists the following as some of plaintiffs' copyrighted sound recordings subject
    to this action:  (1) "A Gangsta's Fairytale," on album "AmeriKKKa's Most Wanted," by artist "Ice Cube" (SR# 145-579);
    (2) "Lay Low," on album "Tha Last Meal," by artist "Snopp Dogg" (SR# 105-226); (3) "Back To Life," on album "Keep

26  On Movin," by artist "Soul II Soul" (SR# 105-226); (4) "No Ordinary Love," on album "Love Deluxe," by artist "Sade" (SR#
    183-731); (5) "Firecracker," on album "In The Purest Form," by artist "Mass Production" (SR# 9-707); (6) "This Is For The

27  Lover In You," on album "Three For Love," by artist "Shalamar" (SR# 28-517); (7) "Roni," on album "Don't Be Cruel,"
    by artist "Bobby Brown" (SR# 93-332); and (8) "Dress You Up," on album "Like a Virgin," by artist "Madonna" (SR# 59-

28  442).

1    defendant, plaintiffs served defendant by U.S. Mail a copy of the default entry.  Plaintiffs' research

2    reveals that defendant is no less than age 31 and not in military service and that his current address is

3    the same at which he was served.

4        On December 4, 2006, plaintiffs filed their papers to seek a default judgment against defendant

5    for statutory damages ($6,000), costs ($420), and a permanent injunction to prevent defendant's

6    infringement of plaintiffs' copyrighted sound recordings.  Defendant has neither appeared in this action

7    nor opposed default judgment.

8                                    **DISCUSSION**

9                          **Default Judgment Standard And Factors**

10       A court (not clerk) default judgment is required when the claim is for an amount that is not

11   certain or capable of being made certain by computation.  *See* F.R.Civ.P. 55(b)(2).  Generally, a clerk's

12   entered default establishes a defendant's liability:

13           Rule 55 gives the court considerable leeway as to what it may require as a
         prerequisite to the entry of a default judgment. "The general rule of law is that upon
14       default the factual allegations of the complaint, except those relating to the amount of
         damages will be taken as true." (citations omitted). *Geddes v. United Financial Group,*
15       559 F.2d 557, 560 (9th Cir. 1977).

16   *Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

17       A full scale evidentiary hearing on a default judgment is not required in every case.  *See*

18   F.R.Civ.P. 55(b)(2); *James v. Frame,* 6 F.3d 307, 310 (5th Cir. 1993).[6] The amount of damages may be

19   fixed by affidavits or declarations. *Transportes Aereos De Angola v. Jet Traders Invest. Corp.,* 624

20   F.Supp. 264 (D. Del. 1985); *see Davis v. Fendler,* 650 F.2d 1154 (9th Cir. 1981).

21       Granting default judgment is within a court's sound discretion.  *Draper v. Coombs,* 792 F.2d

22   915, 924 (9th Cir. 1986).  Factors whether to grant default judgment include:

23       1.    Substantive merits of plaintiff's claim;

24       2.    Sufficiency of the complaint;

25       3.    Amount of money at stake;

26       4.    Possibility of prejudice to plaintiff if relief is denied;

27

28       _____

         [6]    F.R.Civ.P. 55(b)(2) notice "is only required where the party has made an appearance."  *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993).

1      5.       Possibility of dispute as to material facts in the case;

2      6.       Whether default resulted from excusable neglect; and

3      7.       "The strong policy of the Federal Rules of Civil Procedure favoring decisions on the

4               merits."

5  *Eitel v. McCool,* 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

6  "In applying this discretionary standard, default judgments are more often granted than denied."

7  *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

8          As will be seen, evaluation of the above factors favors default judgment for plaintiffs.

9                              ***Merits And Complaint's Sufficiency***

10         Plaintiffs contend that substantive merits and complaint's sufficiency factors "require that the

11  allegations in Plaintiffs' Complaint state sufficient claims for relief."  As noted by plaintiffs, plaintiffs

12  must demonstrate that defendant violated an exclusive right of a copyright owner to prevail on a

13  copyright infringement claim.  Section 106 provides in pertinent part that "the owner of a copyright

14  under this title has the exclusive rights to do and to authorize . . . (1) to reproduce the copyrighted work

15  in copies of phonorecords; . . . (3) to distribute copies or phonorecords of the copyrighted work to the

16  public by sale or other transfer of ownership, or by rental, lease or lending . . ."  As plaintiffs explain,

17  section 106 provides a copyright owner the exclusive right to copy or distribute copyrighted work to the

18  public, including sound recordings.  17 U.S.C. § 102(a)(7).

19         Section 501(a) provides in pertinent part that "[a]nyone who violates any of the exclusive rights

20  of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright."

21  Under section 501(b), the "legal or beneficial owner of an exclusive right under a copyright is entitled

22  . . . to institute an action for any infringement of that particular right committed while he or she is the

23  owner of it."

24         The complaint alleges that plaintiffs are owners or licensees of exclusive United States

25  copyrights to specific sound recordings which are subject to a valid Certificate of Copyright Registration

26  issued by the Register of Copyrights.  The complaint further alleges that defendant, without plaintiff's

27  permission, has used, and continues to use, an online media distribution system to download the

28  copyrighted sound recordings, to distribute the copyrighted sound recordings to the public, and/or to

                                                      4

1   make the copyrighted sound recordings available for distribution to others to violate plaintiffs' exclusive

2   rights of reproduction and distribution.

3       The complaint is sufficiently plead to indicate the substantive merits of plaintiffs' claims for

4   copyright infringement.

5                                    ***Amount At Stake***

6       Pursuant to sections 504 and 505, plaintiffs seek statutory damages of $6,000 for copyright

7   infringement and costs of $420.  Under the Copyright Act, a copyright owner may elect statutory, rather

8   than actual, damages "for all infringements involved in the action, with respect to any one work, for

9   which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000

10  as the court considers just."  17 U.S.C. § 504(a), (c)(1).  A plaintiff may recover statutory damages

11  whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits

12  reaped by defendant to sanction and vindicate the statutory policy to discourage infringement.  *Los*

13  *Angeles News Service v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998), *cert. denied*,

14  525 U.S. 1141, 119 S.Ct. 1032 (1999).  "Statutory damages are particularly appropriate in a case, such

15  as this one, in which defendant has failed to mount any defense or to participate in discovery, thereby

16  increasing the difficulty of ascertaining plaintiff's actual damages."  *Jackson v. Sturkie*, 255 F.Supp.2d

17  1096, 1101 (N.D. Cal. 2003).

18      As plaintiffs seek minimum statutory damages of $6,000 (eight infringements multiplied by

19  $750), their statutory damages request is reasonable and proper.

20      In a copyright infringement action, "the court in its discretion may allow the recovery of full

21  costs by or against any party."  17 U.S.C. § 505.  A award of costs: (1) deters future copyright

22  infringement, *Quinto v. Legal Times of Washington, Inc.*, 511 F.Supp. 579, 581 (D.D.C.1981); (2)

23  ensures that all holders of infringed copyrights will have equal access to the court to protect their works,

24  *Blumcraft of Pittsburgh v. Newman Brothers, Inc.*, 337 F.Supp. 859, 863 (S.D.Ohio 1971); and (3)

25  penalizes the losing party and compensates the prevailing party, *Boz Scaggs Music v. KND Corp.*, 491

26  F.Supp. 908, 915 (D. Conn. 1980); *A&N Music Corp. v. Venezia*, 733 F.Supp.  955, 959 (E.D. Penn.

27  1990).  Plaintiffs' costs of $420 ($350 filing fee and $70 process server fee) are reasonable and

28  appropriate to award to plaintiffs to serve copyright interests.

1

***Prejudice To Plaintiffs***

2   Plaintiffs argue that without default judgment, they "would be denied the right to judicial

3 resolution of their claims, and would be without other recourse for recovery."  Plaintiffs note that if

4 defendant's conduct remains unchecked, defendant "will be free to pursue similar activities in the

5 future."

6   Plaintiffs correctly point to prejudice from denial of default judgment in that they would be

7 denied effective relief without defendant's participation in this action.

8

***Absence Of Material Factual Dispute***

9   Plaintiffs argue that with the clerk's default entry against defendant, the complaint's allegations

10 are taken as true to vitiate a genuine dispute as to material facts.  Defendant's failure to contest plaintiffs'

11 claims demonstrates absence of a dispute as to material facts.  This Court is satisfied that there is no

12 material factual dispute.

13

***Absence Of Excusable Neglect***

14   Plaintiffs contend that entry of default against defendant did not result from excusable neglect

15 in that on July 29, 2006, substitute service of the summons and complaint was accomplished, and

16 defendant failed to respond.  Plaintiffs sent defendant an August 29, 2006 letter to advise defendant that

17 he was subject to default entry and judgment and to urge defendant to respond to plaintiffs' complaint

18 or contact plaintiffs' representatives to attempt to settle.  After defendant failed to respond to the letter,

19 this Court's clerk entered default against defendant on September 6, 2006.  Plaintiffs served defendant

20 by U.S. Mail a copy of the default entry, and defendant continued to fail to respond to plaintiffs' claims.

21 There is no evidence default resulted from excusable neglect in that service of the complaint appears

22 proper and plaintiffs attempted to obtain defendant's response to plaintiffs' claims.

23

***Public Policy***

24   Although cases should be decided on the merits when reasonably possible, such preference alone

25 is not dispositive.  *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal.

26 2002).  Defendant's failure to respond to plaintiffs' claims renders a decision on the merits impractical,

27 if not impossible.  *See PepsiCo*, 238 F.Supp.2d at 1177.  Preference to decide a case on its merits does

28 not preclude default judgment.  *PepsiCo*, 238 F.Supp.2d at 1177.  Here, plaintiffs are entitled to default

1  judgment despite this Court's inability to determine the merits arising from defendant's failure to

2  respond to plaintiffs' claims.

3         Evaluation of the above factors weighs in favor of default judgment for plaintiffs.  As discussed

4  above, plaintiffs are entitled to recover $6,000 statutory damages and $420 costs.  The only remaining

5  issue is a permanent injunction against defendant.

6                                    **Permanent Injunction**

7         Plaintiffs contend that "they will be irreparably harmed if a permanent injunction is not issued

8  to prevent Defendant's reproduction and distribution of Plaintiffs' copyrighted works" and that an

9  injunction "will further the public's interest in upholding copyright protections."  Plaintiffs seek the

10 following injunction:

11        Defendant shall be and hereby is enjoined from directly or indirectly infringing
          Plaintiffs' rights under federal or state law in Plaintiffs' copyrighted sound recordings[7]
12        and in any other sound recording, whether now in existence or later created, that is
          owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of
13        Plaintiffs ("Plaintiffs' Recordings"), including without limitation by using the Internet
          or any online media distribution system to reproduce (i.e., download) any of Plaintiffs'
14        Recordings, to distribute (i.e., upload) any of plaintiff's recordings, or to make any of
          Plaintiffs' Recordings available for distribution to the public, except pursuant to lawful
15        license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies
          of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive
16        or server without Plaintiffs' authorization and shall destroy all copies of those
          downloaded recordings transferred onto any physical medium or device in Defendant's
17        possession, custody, or control.

18                                    ***Irreparable Harm***

19        Section 502 empowers this Court to grant injunctive relief:

20        Any court having jurisdiction of a civil action arising under this title may . . .
          grant temporary and final injunctions on such terms as it may deem reasonable to prevent
21        or restrain infringement of a copyright.

22 17 U.S.C. § 502(a).

23        Injunctive relief is a traditional remedy for copyright infringement, *see, e.g., United Feature*

24

---

25        [7]     Plaintiffs identify copyrighted sound recordings as: (1) "A Gangsta's Fairytale," on album "AmeriKKKa's
   Most Wanted," by artist "Ice Cube" (SR# 145-579); (2) "Lay Low," on album "Tha Last Meal," by artist "Snopp Dogg" (SR#
26 105-226); (3) "Back To Life," on album "Keep On Movin," by artist "Soul II Soul" (SR# 105-226); (4) "No Ordinary Love,"
   on album "Love Deluxe," by artist "Sade" (SR# 183-731); (5) "Firecracker," on album "In The Purest Form," by artist "Mass
27 Production" (SR# 9-707); (6) "This Is For The Lover In You," on album "Three For Love," by artist "Shalamar" (SR# 28-
   517); (7) "Roni," on album "Don't Be Cruel," by artist "Bobby Brown" (SR# 93-332); and (8) "Dress You Up," on album
28 "Like a Virgin," by artist "Madonna" (SR# 59-442).

*Syndicate, Inc. v. Sunrise Mold Co., Inc.*, 569 F.Supp. 1475 (S.D. Fla.1983), and is especially favored where there is a history of continuing infringement and a substantial threat of continued infringement. *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F.Supp.2d 1345, 1347 (S.D. Fla. 1999); *see Walt Disney Co. v. Powell,* 897 F.2d 565, 568 (D.C. Cir.1990)*.* In such cases, a district court may issue a broad permanent injunction to protect present works and to protect works not yet created. *Sony Music*, 45 F.Supp.2d at 1347; *see Pacific and Southern Co., Inc. v. Duncan*, 744 F.2d 1490 (11th Cir.1984). "Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction." *Sega Enterprises Ltd. v. Maphia*, 948 F.Supp. 923, 940 (N.D. Cal. 1996).

To obtain a preliminary injunction, plaintiffs note that they must show a likelihood of success on the merits and the possibility of irreparable injury.  *Johnson Controls, Inc. v. Phoenix Control Systems, Inc.*, 886 F.2d 1173, 1174 (9th Cir. 1989).   However, upon entry of default against a defendant, a plaintiff need not show irreparable harm in that default satisfies the element of success on the merits. *Sony Music*, 45 F.Supp.2d at 1347.  The only difference in the elements to grant a permanent, as opposed to a preliminary, injunction is the need to show success on the merits, not merely likelihood of success. *Amoco Production Co. v. Gambell*, 480 U.S. 531, 546, n. 12, 107 S.Ct. 1396, 1404, n. 12 (1987); *Sony Music*, 45 F.Supp.2d at 1347.

Plaintiffs argue that defendant's conduct causes plaintiffs irreparable injury which cannot be fully compensated or measured by money.  Plaintiffs point to defendant's "widespread" infringements of numerous copyrighted sound recordings through an online media distribution system with millions of potential users.  Plaintiffs characterize defendant's infringement as "viral" in that recordings available over an online media distribution system are available for further unlawful distribution by downloading users. *See Universal City Studios v. Reimerdes*, 111 F.Supp.2d 294, 331-332 (S.D.N.Y. 2000), *aff'd*, 273 F.3d 429 (2nd Cir 2001) (Internet recipients of digital works are able to duplicate copyrighted works and transmit perfect copies so that the "process potentially is exponential rather than linear" and "threatens to produce virtually unstoppable infringement of copyright.")

Plaintiffs further point to the absence of evidence that defendant has ceased infringing plaintiffs' copyrighted sound recordings or that defendant would cease without an injunction. Plaintiffs note that

1  defendant's absence of response to plaintiffs' claims fails to assure that defendant's infringement has

2  ceased and "highlights that Defendant does not take seriously the illegality of his conduct." *See Jackson*,

3  255 F.Supp.2d at 1103 (Copyright infringement "defendant's lack of participation in this litigation has

4  given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled

5  to permanent injunctive relief."); *PepsiCo*, 238 F.Supp.2d at 1178 (default judgment included permanent

6  injunction because "in the absence of opposition by the non-appearing defendant, it cannot be said that

7  it is 'absolutely clear' that Defendant's allegedly wrongful behavior has ceased and will not begin

8  again.")

9       Plaintiffs have demonstrated irreparable harm in that their copyrighted sound recordings remain

10  subject to continued, repeated infringement without an injunction.

11                                    **Public Interest**

12      Plaintiffs argue that a permanent injunction will protect public interest to uphold copyright

13  protections.  "Since Congress has elected to grant certain exclusive rights to the owner of a copyright

14  in a protected work, it is virtually axiomatic that the public interest can only be served by upholding

15  copyright protections and, correspondingly, preventing the misappropriation of the skills, creative

16  energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin*

17  *Computer Corp.*, 714 F.2d 1240, 1255 (3rd Cir. 1983).  An "injunction is necessary to preserve the

18  integrity of the copyright laws which seek to encourage individual effort and creativity by granting

19  valuable enforceable rights." *Atari Inc. v. North Am. Philips Consumer Elec. Corp.*, 672 F.2d 607, 620

20  (7th Cir. 1982), *cert. denied*, 459 U.S. 880, 103 S.Ct. 176 (1982) (preliminary injunction).

21      Public interest protection further supports a permanent injunction in this case.

22                                   **Scope Of Injunction**

23      Plaintiffs argue that their requested injunction is specific and reasonably seeks to protect "all of

24  plaintiffs' existing and future copyrights."  Plaintiffs note that they "continually create new copyrighted

25  works that would be potentially vulnerable to infringement if the injunction were limited to existing

26  works."  Plaintiffs conclude that their requested injunction "properly seeks to prevent the reproduction

27  and distribution of Plaintiffs' existing *and* future works."  (Italics in original.)  "The weight of authority

28  supports the extension of injunctive relief to future works." *Princeton Univ. Press v. Michigan*

                                              9

*Document Serv., Inc.*, 99 F.3d 1381, 1392-1393 (6th Cir. 1996), *cert. denied*, 520 U.S. 1156, 117 S.Ct. 1336 (1997) (citing numerous cases).  Where liability has been determined adversely to the infringer, there has been a history of continuing infringement, and a significant threat of future infringement remains, a court "is well within its equitable powers to enjoin infringement of future registered works." *Oth-O-Vision, Inc. v. Home Box Office*, 474 F.Supp. 672, 686 (S.D.N.Y. 1979).

Plaintiffs correctly note that their proposed injunction is sufficiently specific due to the scope of defendant's infringement, need to protect plaintiffs' copyrighted recordings and public interest to uphold copyright protection.  Plaintiffs establish that their proposed injunction is appropriate to protect existing and future works.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed above, this Court RECOMMENDS to:

1.    AWARD plaintiffs $6,000 as statutory damages under 17 U.S.C. §504(c);

2.    AWARD plaintiffs costs of $420 under 17 U.S.C. §505; and

3.    ISSUE the following injunction:

Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

1.    "A Gangsta's Fairytale," on album "AmeriKKKa's Most Wanted," by artist "Ice Cube" (SR# 145-579);

2.    "Lay Low," on album "Tha Last Meal," by artist "Snopp Dogg" (SR# 105-226);

3.    "Back To Life," on album "Keep On Movin," by artist "Soul II Soul" (SR# 105-226);

4.    "No Ordinary Love," on album "Love Deluxe," by artist "Sade" (SR# 183-731);

5.    "Firecracker," on album "In The Purest Form," by artist "Mass Production" (SR# 9-707);

6.    "This Is For The Lover In You," on album "Three For Love," by artist "Shalamar" (SR# 28-517);

7.    "Roni," on album "Don't Be Cruel," by artist "Bobby Brown" (SR# 93-332);

8.    "Dress You Up," on album "Like a Virgin," by artist "Madonna" (SR# 59-442);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload any of Plaintiffs' recordings, or to make any of

1  Plaintiffs' Recordings available for distribution to the public, except pursuant to lawful
license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies
2  of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive
or server without Plaintiffs' authorization and shall destroy all copies of those
3  downloaded recordings transferred onto any physical medium or device in Defendant's
possession, custody, or control.
4

5        These findings and recommendations are submitted to the district judge assigned to this action,

6  pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  No later than January 22,

7  2007, any party may file written objections to these findings and recommendations with the Court and

8  serve a copy on all parties and otherwise in compliance with this Court's Local Rule 72-304(b).  Such

9  a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

10 Responses to objections shall be filed and served no later than February 2, 2007 and otherwise in

11 compliance with this Court's Local Rule 72-304(d).  The district judge will review the magistrate

12 judge's findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(c).  The parties are advised

13 that failure to file objections within the specified time may waive the right to appeal the district judge's

14 order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

15       IT IS SO ORDERED.

16 **Dated:    January 10, 2007**              /s/ Lawrence J. O'Neill
   66h44d                                    UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

                                      11